**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | | |
|---|---|---|
| **JOSE ANTONIO HERNANDEZ MORA,**<br>**Petitioner,**<br><br>**v.**<br><br>**ANGEL GARITE**, *in his official capacity as Assistant Field Office Director of Enforcement and Removal Operations, El Paso Field Office, U.S. Immigration and Customs Enforcement, et al.*,<br>**Respondents.** | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **EP-26-CV-00282-DB** |

**<u>ORDER TO SHOW CAUSE & PREVENT PETITIONER'S REMOVAL FROM DISTRICT AND UNITED STATES</u>**

On this day, the Court considered the above-captioned case. On February 2, 2026, Petitioner Jose Antonio Hernandez Mora filed a "Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 or Order to Show Cause Within 3 Days," ECF No. 1. Petitioner is currently detained at the Camp East Montana detention facility in El Paso, Texas in the Western District of Texas. ECF No. 1 at 3. He argues his detention is unlawful and asks the Court to order his release or a bond hearing. *Id.* at 32–33.

Petitioner is a Mexican national who entered the United States in 1999. *Id.* at 17. On January 9, 2026, Petitioner was detained by Immigration and Customs Enforcement outside his home in East Bethel, Minnesota. *Id.* at 3. Petitioner has no criminal history subjecting him to mandatory detention. *Id.* at 17. However, he is currently being held without bond. *Id.* at 8.

Petitioner's case, as alleged, is materially indistinguishable from other cases in which this Court has found procedural due process violations. *See Vieira v. De Anda-Ybarra*, No. EP-25-CV-00432-DB, 2025 WL 2937880 (W.D. Tex. Oct. 16, 2025). As such, it appears from the writ that it

should be granted.[1] Nonetheless, this Court will afford Respondents three days to respond as to why it should not be. In so doing, Respondents should avoid boilerplate arguments this Court has already rejected in one of many immigration habeas cases to date. Absent any new authority, Respondents can safely assume the Court's position on the law has not changed and explain why the facts of Petitioner's case warrant a different outcome.

Further, this case is filed by an alien detainee seeking relief under habeas corpus. Due to prior incidences in this Court of Respondents or their assigns removing petitioners from the United States and/or jurisdiction of the Western District of Texas – El Paso Division even after the Court orders them not to do so,[2] this Court, in its discretion, finds good cause to issue a temporary restraining order restraining Respondents from removing Petitioner from its jurisdiction or the United States until further order of the Court. In the interest of preserving the status quo and the Court's ability to fully assess this case on the merits, the Court orders that Petitioner not be removed from the United States or to a facility outside the jurisdiction of the Western District of Texas – El Paso Division. *See United States v. United Mine Workers of Am.*, 330 U.S. 258, 293 (1947) ("[T]he District Court had the power to preserve existing conditions while it was determining its own authority to grant injunctive relief."); *cf. Brownback v. King*, 592 U.S. 209, 218-19 (2021); *see also Santiago v. Noem*, No. 3-25-CV-361-KC, 2025 WL 2606118, at *2–3 (W.D. Tex. Sept. 9, 2025) (collecting cases).

---

[1] 28 U.S.C § 2243 ("A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted. . .").

[2] *See, e.g. Blandon Raudez v. Bondi*, No. 3-25-CV-493-DB, (W.D. Tex. October 30, 2025).

Accordingly, **IT IS HEREBY ORDERED** Respondents **SHALL NOT** (1) remove or deport Petitioner from the United States, or (2) transfer Petitioner from any facility outside the boundaries of the El Paso Division of the Western District of Texas, until the Court orders otherwise or this case is closed.

**IT IS FURTHER ORDERED** that Respondents **SHOW CAUSE** why such writ, ECF No. 1, should not be granted by filing a response no later **no later than February 5, 2026.**

**IT IS FINALLY ORDERED** that should Petitioner wish to file a reply, Petitioner shall file a reply **no later than February 9, 2026**.

**SIGNED** this **2nd** day of **February 2026**.

**THE HONORABLE DAVID BRIONES**
**SENIOR UNITED STATES DISTRICT JUDGE**